# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA


MICHAEL R. COBB                                    CIVIL ACTION

VERSUS

A&S COLLECTION ASSOCIATES, INC.               NO. 06-238-JJB


## ORDER

On March 24, 2006, plaintiff, Michael R. Cobb, filed a complaint, naming A & S Collection Associates, Inc. as the defendant. In his complaint, plaintiff alleged that while attempting to collect a debt, defendant violated the Fair Debt Collection Practices Act , 15 U.S.C. §§ 1962 *et seq.* Defendant has not filed any responsive pleadings in this proceeding. A default was entered against the defendant on August 28, 2006. Plaintiff filed a Motion for Entry of Final Judgment and a Hearing on Damages (Doc. No. 12).

On November 13, 2007, a hearing was held to confirm entry of the default judgment and on the issue of actual and additional damages. During the hearing, plaintiff testified that he was familiar with the debt that defendant was attempting to collect. Plaintiff testified that the debt arose from an apartment rental. Plaintiff indicated that he moved out of the apartment before the lease ended and was charged an entire year of rent. Plaintiff testified that the debt was placed on his credit report.

Plaintiff stated that he disputed the debt. Plaintiff stated that he called and sent a letter to the Baton Rouge Credit Bureau with regard to the debt. Plaintiff testified that he had the debt taken off his credit report, but it was later put back on his report by defendant.

As evidence at the hearing, plaintiff presented a February 27, 2006 tape recorded telephone conversation he had with defendant about the debt. Plaintiff was told in the conversation, that the debt would stay on his credit report for seven to ten years from the date it was initially put on his credit report by defendant. Defendant had the debt placed on plaintiff's credit report on March 28, 2003. Plaintiff was told that the debt was in the amount of $9,295.50. During the telephone conversation, some discussion about plaintiff possibly being sued over the debt occurred. Plaintiff testified that the discussion concerned him because he knew this could lower his credit scores, and he had worked really hard to keep his credit at an outstanding level. Plaintiff was also concerned that if sued, the defendant would take his house.

Plaintiff stated that he had trouble sleeping at night, and had to take aspirin or Advil to help him relax. He indicated that the lawsuit stayed in the back of his mind. Plaintiff testified that he had no physical symptoms. Plaintiff stated that he spoke with family and friends about this matter. According to plaintiff, this matter was more of an aggravation, being told that "you were going to get sued and have bad credit." Plaintiff stated that after the telephone conversation, he received between two to four telephone calls from defendant. Prior to taping the telephone

2

conversation, plaintiff was receiving one telephone call a month. Plaintiff stated that the first telephone call was in February, 2002, and he received at least a total of 10 telephone calls from defendant.

In support of plaintiff's testimony, Pamela F. Flotte testified. Ms. Flotte testified that she has known plaintiff for about twenty years. Ms. Flotte stated that plaintiff worked for Boy Scouts when her sons were young and participated in the scouts. Ms. Flotte stated that she and plaintiff are close friends and speak daily.

Ms. Flotte stated that she recalled that plaintiff had difficulty with the apartment because of the smell of raw sewerage. Ms. Flotte testified that plaintiff moved out of the apartment. Ms. Flotte recalled speaking with plaintiff about the February 27, 2006 telephone call from defendant. Ms. Flotte stated that plaintiff was upset, angry, depressed and feared losing his house and car. Ms. Flotte stated that plaintiff told her that defendant stated they would sue him, and this would haunt him for rest of his life.

Ms. Flotte recalled that plaintiff had, previously, written a letter to the Baton Rouge Credit Bureau and had the debt removed from his credit report, but when plaintiff was about to purchase some property, the debt was back on his credit report.

## DISCUSSION

Plaintiff contends that defendant violated several provisions of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff contends that the following actions

3

committed by defendant violated the Act: 1) threat of litigation violated provision 1692e(5) of Title 15 of United States Code; 2) misrepresentation of the amount of time the debt would stay on plaintiff's credit report violated Sections 1681c(a)(4) and 1692e(10) of Title 15 of United States Code; and 3) calling plaintiff's place of employment, when defendant knew calling plaintiff's employment was inconvenient, violated Section 1692(c) of Title 15 of United States Code.

The FDCPA seeks "to eliminate abusive debt collection practices ...and...to protect consumers against debt collection abuses."[1] Any potential deception must be evaluated under an unsophisticated or least sophisticated consumer standard.[2] In other words, when determining whether the defendant's actions are deceptive under the FDCPA, the court must assume that the plaintiff-debtor is "neither shrewd nor experienced in dealing with creditors."[3] This standard serves the purpose of protecting all consumers, "including the inexperienced, the untrained and the credulous, from deceptive debt collection practice[.]"[4] Therefore, the court will review defendant's conduct by this standard.

Plaintiff's claim under Section 1692e(5)

Plaintiff asserts that while attempting to collect the debt, defendant threaten

---

[1] See 15 U.S.C. § 1692e.

[2] **Taylor v. Perrin, Landry deLaunay & Durand,** 103 F.3d 1232, 1236 (5th Cir. 1997).

[3] **Goswami v. American Collections Enterprise, Inc.,** 377 F.3d 488, 495 (5th Cir. 2004).

[4] **Id.**

4

litigation when defendant knew that its legal action to seek collection of the debt had prescribed.

Section 1692e(5) provides as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

To violate § 1692e(5), defendant "must have threatened to take action which [it was] in fact prohibited by law from taking."[5]

LSA-C.C. art. 3494 provides that an action for arrearages of rent is subject to a liberative prescription of three years. Plaintiff asserts that the February 26, 2007 telephone conversation shows that defendant threaten him with possible litigation.[6] A review of the telephone conversation reveals that defendant neither implies nor threatens that legal action is imminent. The defendant indicated that it had previously tried to place the debt with an attorney but "it did not go through."[7] Defendant also indicated that a decision to sue would also involve T.C. Properties, LLC. Thus, the record is entirely devoid of proof that defendant intended to commence a lawsuit with respect to the debt. Thus, plaintiff has not shown a violation of Section 1692e(5).

---

[5] **Poirier v. Alco Collections,** 107 F.3d 347, 349 (5th Cir. 1997).

[6] See Plaintiff's Exhibit 1.

[7] **Id.**

5

Plaintiff's claim under Section 1681c(a)(4) and 1692e(10)

Plaintiff claims that during the February 27, 2006 telephone conversation, defendant misrepresented the amount of time that the debt would stay on plaintiff's credit report.

Section 1692e(10) provides, in pertinent part, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

Section 1681c (a)(4) provides, in pertinent part as follows:

> Except as authorized under subsection (b) of this section, no consumer reporting agency may make any consumer report containing any of the following items of information:
>
> (4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

A review of the telephone conversation reflects that defendant told plaintiff that the debt would stay on his credit report for seven to ten years from the date it was put on his credit report. Defendant indicated that the debt was placed on plaintiff's credit report by defendant on March 28, 2003.

However, Section 1681c(a)(4) indicates that no debt should be reported if the debt antedate the report by more than seven years. Defendant indicated to plaintiff that the debt had been owed since 2001. Based on this information, plaintiff's debt

6

could not appear on his credit report after 2008. Therefore, defendant misrepresented to plaintiff that the debt would stay on his credit report seven to ten years after the March 28, 2003 date when, in fact, the debt could no longer appear on plaintiff's credit report after 2008. Thus, defendant's actions violated Section 1692e(10).

Plaintiff's claim under Section 1692c(a)(3)

Plaintiff contends that defendant violated the FDCPA when defendant contacted him at his place of employment which is prohibited by the act.

Section 15 U.S.C. § 1692c (a)(3) provides, in pertinent part, as follows:

(a) Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-

(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

The record reflects that plaintiff testified that the defendant called his place of employment to inquiry about the debt. Plaintiff testified that he remembers the first phone call to his place of employment was in February, 2002. From February, 2002, up until the taped telephone conversation, plaintiff testified that defendant called him a total of 10 times at his work, his home or on his cell phone. Plaintiff stated he told defendant not to call his place of employment, but defendant continued to call his

Case 3:06-cv-00238-JJB -SCR   Document 20   09/21/11   Page 7 of 10

place of employment to inquire about the debt. Based on this uncontradicted

testimony, the court finds that defendant violated Section 1692c(a)(3) by contacting

plaintiff at his place of employment after being told otherwise.

Damages

Plaintiff contends that he is entitled to actual damages.

Title 15 U.S.C. § 1692k provides, in pertinent part, as follows:

(a) Amount of damages

Except as otherwise provided by this section, any debt collector who
fails to comply with any provision of this subchapter with respect to any
person is liable to such person in an amount equal to the sum of–

(1) any actual damage sustained by such person as a result of such
failure;

(2)(A) in the case of any action by an individual, such additional
damages as the court may allow, but not exceeding $1,000; or

After reviewing the evidence and plaintiff's pleadings, the court finds that plaintiff is

not entitled to an award for actual damages sustained. Plaintiff's complaint does not

specify that plaintiff sustained any actual damages. The court finds that at the

hearing on the motion for default judgment, plaintiff failed to present sufficient

evidence showing that he sustained any actual damages.

Statutory Damages

Plaintiff also seeks statutory damages. The FDCPA does not require proof of

8

actual damages as a condition to the recovery of statutory damages.[8]  After

reviewing the evidence, the court finds that plaintiff is entitled to the recovery of

statutory damages in the amount of $1000.00.  Plaintiff has proven two violations of

the FDCPA – 1) defendant misrepresented the amount of the time the debt would

stay on plaintiff's credit report and 2) in their effort to collect the debt, defendant

called plaintiff at his place of employment, knowing that such calls were

inconvenient.   The court feels that an award of $1000.00 will best serve to deter

such acts in the future.

## ATTORNEY FEES

Plaintiff's attorney filed a Motion for an Award of Costs and Attorney Fees

(Doc. No. 15), seeking to recover reasonable attorney fees and costs  in the amount

of $3,462.31.

Title 15 U.S.C. § 1692k(a)  provides, in pertinent part, as follows:

(a) Amount of damages

> Except as otherwise provided by this section, any debt collector
> who fails to comply with any provision of this subchapter with respect
> to any person is liable to such person in an amount equal to the sum of-

> (3) in the case of any successful action to enforce the foregoing liability,
> the costs of the action, together with a reasonable attorney's fee as
> determined by the court. ..."

After considering the record and the evidence, the court finds that plaintiff is entitled

---

[8] See **Keele v. Wexler,** 149 F.3d 589, 593-94 (7th Cir. 1998), citing **Bartlett v. Heibl,** 128
F.3d 497, 499 (7th Cir. 1997).

9

to recover these fees. The court has determined that attorney Garth Ridge's rate of $210 per hour and the $60 per hour rate of his legal assistant, Kay Thornton, are reasonable. The court finds that the amount of hours (14.6 hours by Garth and 1.1 hours by Thorton) spent by plaintiff's attorney and legal assistant as well as the costs spent in pursuing this litigation are reasonable.

CONCLUSION

For the reasons set forth above,

IT IS ORDERED that judgment by default be entered for plaintiff, Michael R. Cobb, in the amount of $1000.00 for statutory damages.

IT IS FURTHER ORDERED that plaintiff's Motion for Attorneys Fees and Costs (Doc. No. 15) is GRANTED, awarding $3,462.31 for attorney fees and costs to plaintiff.

Baton Rouge, Louisiana, this 20th day of September, 2011.

_____
JAMES J. BRADY, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

10